IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ArrMaz Products Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>Rieth-Riley Construction Co., Inc.,<br><br>   Defendant. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ArrMaz Products Inc.'s BondTekk® bonded-paving technology results in longer lasting roads that provide drivers with a better, safer driving experience; strengthen our country's transportation infrastructure; and save money for the American taxpayers who ultimately pay for road work.

ArrMaz has expended substantial time, effort, and money working in developing its BondTekk® bonded-paving technology.  After testing and validating the technology, States have adopted ArrMaz's groundbreaking patented products and methods, and their paving contractors have implemented these methods with great success.  Because states such as Indiana recognize the value of the BondTekk® bonded-paving technology, contractors in multiple states have licensed the technology.  These paving professionals and local governments alike have also benefited from ArrMaz's technological expertise, inviting ArrMaz to perform on-site inspection, training, formulation and mix design assessment and testing, equipment recommendations, and

overall performance testing.  ArrMaz has also invested in protecting its valuable intellectual property.  That property now stands trespassed.

Plaintiff ArrMaz Products Inc. complains as follows against defendant Rieth-Riley Construction Co., Inc.:

## THE PARTIES

1. Plaintiff ArrMaz Products Inc. ("ArrMaz" or "Plaintiff") is a corporation, formed under the laws of Delaware, with its principal place of business located at 4800 State Road 60 East, Mulberry, FL 33860.  Arkema, S.A. is the ultimate parent of ArrMaz Products Inc.

2. Defendant Rieth-Riley Construction Co., Inc. ("Rieth-Riley") is a corporation organized and existing under the laws of Indiana, having a principal place of business at 3626 Elkhart Road, P.O. Box 477, Goshen, IN, 46527.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the United States Patent Laws, 35 U.S.C. § 1, *et seq*.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Rieth-Riley because Rieth-Riley is an Indiana corporation, with its principal place of business located at 3626 Elkhart Road, P.O. Box 477, Goshen, IN, 46527, and because, on information and belief, Rieth-Riley does continuous and systematic business in this District and has committed acts of infringement in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b) because Rieth-Riley resides in this District, or because, on information and belief, Rieth-Riley has a regular and established place of business located in this District and has committed acts of infringement in this District.

## FACTUAL BACKGROUND

### The Asserted Patents

6. This action relates to U.S. Patent Nos. 7,802,941 ("the 941 patent") and 8,465,843 ("the 843 patent") (collectively, the "Asserted Patents").

7. The United States Patent and Trademark Office ("Patent Office") duly and legally issued the 941 patent on September 28, 2010, to Road Science, L.L.C. ("Road Science"). The 941 patent is titled, "Rut resistant coating and method of applying rut resistant coating" and names as inventors Jon Brett Wingo, Marvin Keller Exline, James Joseph Cunningham, Jr., and James J. Barnat. A true and correct copy of the 941 patent is attached to this complaint as Exhibit A.

8. The Patent Office duly and legally issued the 843 patent on June 18, 2013, to Arr-Maz Products, L.P. The 843 patent is titled, "Crack resistant coating and method of applying crack resistant coating" and names as inventors Marvin Keller Exline, Jon Brett Wingo, James Joseph Cunningham, Jr., and James J. Barnat. A true and correct copy of the 843 patent is attached to this complaint as Exhibit B.

9. Pursuant to a Patent Assignment agreement, recorded in the Patent Office, dated August 25, 2011, Road Science assigned all of its rights, title, and interest in and to the Asserted Patents to Arr-Maz Products, L.P. Subsequently, on or about June 9, 2020, Arr-Maz Products, L.P. assigned all of its rights, title, and interest in and to the Asserted Patents to ArrMaz Products Inc., by a "change of name" conveyance subsequently recorded in the Patent Office.

10. Plaintiff ArrMaz Products Inc. is the owner of the Asserted Patents and has all substantial rights in the Asserted Patents.

11. ArrMaz licenses the Asserted Patents to multiple companies across the United States.

### ArrMaz's Business

12. ArrMaz is in the business, *inter alia*, of marketing surface paving technologies which are derived from various asphalts, polymer-modified asphalts, asphalt emulsions, and residual oils throughout the United States.  ArrMaz has invested significant resources in road-paving innovations, while providing engineering services to contractors and departments of transportation (DOTs) nationwide.  The use of ArrMaz's BondTekk® bonded-paving technology improves bonding between the existing surface and the roadway as compared to conventional paving.  The technology also promotes the efficient use of the binder material in addressing issues such as resistance to stress and shear forces, as well as rut resistance.  Further, the technology may be used to improve resistance to reflective cracking.

13. As part of its business, ArrMaz develops, markets, uses, offers to sell, sells, and owns the rights to, certain asphalt recycling and paving technologies, techniques, and processes, including, but not limited to, the patented products and methods of the 941 patent and the 843 patent.  ArrMaz offers the right to make, use, offer to sell, sell, and import the products and methods protected by the 941 patent and the 843 patent by license agreement.

### Rieth-Riley's Infringement of the Asserted Patents

14. Among other things, ArrMaz and Rieth-Riley are both in the business of making, using, selling, and offering for sale surface-paving technologies, including various asphalt solutions.

15. On information and belief, Rieth-Riley is an Indiana corporation that was founded in 1916 by Albert A. Rieth to address the growing automobile traffic in Northern Indiana. https://www.rieth-riley.com/history/ (last visited August 14, 2023).

16. Rieth-Riley now advertises itself as the "Midwest's most respected road builder, paving contractor, and commercial contractor." https://www.rieth-riley.com/history/ (last visited August 14, 2023).

17. Part of Rieth-Riley's services and products relates to asphalt paving, and Rieth-Riley regularly provides services in various states throughout the Midwest, including in its principal state, Indiana. Asphalt-paving projects are typically awarded by states pursuant to a bidding process that includes a contract proposal directed to the requirements and cost of a particular paving project. In certain states, including in Indiana, the awards of these contracts are publicly available.

18. In February 2022, ArrMaz's Systems Business Manager notified Rieth-Riley in writing that the Asserted Patents covered the asphalt-paving construction projects Rieth-Riley had been awarded by the Indiana Department of Transportation, including Contract Numbers R-42043 and R-42236. ArrMaz also quoted an offer for a license to practice the Asserted Patents for the two asphalt-paving construction projects that ArrMaz had identified via public records.

19. In April 2022, ArrMaz's Systems Business Manager again contacted Rieth-Riley in writing regarding the required license specific to the asphalt-paving construction project identified as Contract Number R-42236.

20. On or about April 18, 2022, Rieth-Riley sent an email to ArrMaz indicating that Rieth-Riley intended to ignore the Asserted Patents, replying only that "this project didn't say anything about needing a license for the project."

21. On or about April 22, 2022, ArrMaz replied to Rieth-Riley via email, explaining how it had patents "around applying a higher rate of tack (commonly achieved by using a spray paver) with dense graded mixes." ArrMaz also reminded Rieth-Riley that such patents were listed in the original correspondence that offered a license.

22. On or about April 27, 2022, by reply email, Rieth-Riley affirmed that it had not accepted ArrMaz's offered license.

23. On or about July 5, 2022, ArrMaz sent another email to Rieth-Riley regarding ArrMaz's patents and their application to the paving contracts that Rieth-Riley was undertaking.

24. On or about August 29, 2022, Rieth-Riley contacted ArrMaz, acknowledging the previous notifications regarding the Asserted Patents and, at least, Contract Numbers R-40582-A, R-42909-B, R-42043-A, and R-42236-A, but did not agree to enter into the requested license.

25. On or about December 26, 2022, ArrMaz responded, reiterating that the Asserted Patents apply to at least the four projects previously identified and awarded to Rieth-Riley, including Contract Number R-40582-A, Contract Number R-42909-B, Contract Number R-42043-A, and Contract Number R-42236-A.  ArrMaz renewed its request that Rieth-Riley pay the requested license fee.

26. By letter dated February 10, 2023, Rieth-Riley formally rejected ArrMaz's demand for payment without offering a valid reason for refusing the license offer.

27. Thus, over a twelve-month period of continuous communications, ArrMaz identified the Asserted Patents and offered Rieth-Riley the opportunity to license rights to the Asserted Patents, including the right to make, use, offer for sale, or sell products or methods protected by the Asserted Patents.  Yet Rieth-Riley repeatedly ignored, and then declined, the opportunity to license rights to the Asserted Patents.

28. Rieth-Riley has infringed, and continues to infringe, at least one claim of each of the Asserted Patents as set forth below.

29. On information and belief, Rieth-Riley, with knowledge of the Asserted Patents and its infringement of the Asserted Patents, continues to bid and/or obtain awards for paving contracts, the performance of which infringes the Asserted Patents.

30. As the owner of the Asserted Patents, ArrMaz has the right to sue for Rieth-Riley's infringement of the Asserted Patents and recover damages for such infringement.

## COUNT 1: PATENT INFRINGEMENT

**(Infringement of U.S. Patent No. 7,802,941)**

31. ArrMaz realleges and incorporates by reference the allegations set forth in all preceding paragraphs.

32. Rieth-Riley has infringed, and continues to infringe, the 941 patent by making, using, offering for sale, or selling products and methods that are claimed in the 941 patent or that are insubstantially different from the claimed products and methods. Specifically, Rieth-Riley has made, used, offered for sale, or sold products and methods claimed in the 941 patent, or their substantial equivalents, in connection with asphalt-paving construction projects in the State of Indiana for the Indiana Department of Transportation, identified by at least, but not limited to, Contract Number R-40582-A, letting date January 12, 2022; Contract Number R-42909-B, letting date January 12, 2022; Contract Number R-42043-A, letting date February 9, 2022; and Contract Number R-42236-A, letting date February 9, 2022.

33. Rieth-Riley has infringed and continues to infringe one or more claims of the 941 patent, including but not limited to at least claim 1 of the 941 patent, in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, either itself or through a

subcontractor under Rieth-Riley's direction or control, as evidenced by the exemplary claim chart found in Exhibit C as well as Rieth-Riley's website, e.g., https://www.rieth-riley.com/products/ (last visited August 14, 2023) and https://www.rieth-riley.com/brochure/ (last visited August 14, 2023).

      a. On information and belief, Rieth-Riley supplies and applies, either itself or through a subcontractor under Rieth-Riley's direction or control, a rut resistant coating on an existing surface for increasing resistance to high vertical and horizontal strains and high shear stresses.

      b. On information and belief, Rieth-Riley supplies and applies, either itself or through a subcontractor under Rieth-Riley's direction or control, a binding material layer of the rut resistant coating on the existing surface to promote bonding of the rut resistant coating to the existing surface, the binding material layer containing less than about 11% of the total binding material of the rut resistant coating.

      c. On information and belief, Rieth-Riley supplies and applies, either itself or through a subcontractor under Rieth-Riley's direction or control, an aggregate mixture layer containing an asphalt solution on the binding material layer to provide a wear surface to the rut resistant coating to resist rutting, wherein the aggregate mixture of the aggregate mixture layer is disposed on the binding material layer in a period of time less than about 30 seconds.

34. Rieth-Riley further indirectly infringes one or more claims of the 941 patent under 35 U.S.C. 271(b) through inducing and continuing to induce infringement by, at least and for example, subcontractors, customers, or users of roadways having or applying a rut resistant

coating on an existing surface for increasing resistance to high vertical and horizontal strains and high shear stresses. Rieth-Riley actively encourages its United States subcontractors, customers, or users to have or apply a rut resistant coating on an existing surface in spite of Rieth-Riley knowing, or being willfully blind to the fact, that such use directly infringes at least one claim of the 941 patent. Rieth-Riley has been aware of the 941 patent and its infringement since no later than February 2022, when ArrMaz notified Rieth-Riley that the Asserted Patents covered certain asphalt-paving construction projects.

35. Rieth-Riley further indirectly infringes one or more claims of the 941 patent under 35 U.S.C. 271(c). Rieth-Riley contributes to the infringement of its United States subcontractors, customers, or users at least and for example, by selling for installation, or installing either itself or having installed by a subcontractor under its direction or control, a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, such as a rut resistant coating on an existing surface, such as a roadway. Rieth-Riley provided, and continues to provide, a material part of an invention claimed in at least one claim of the 941 patent knowing the same to be especially made or especially adapted for use in an infringement of the 941 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Rieth-Riley has been aware of the 941 patent and its infringement since no later than February 2022, when ArrMaz notified Rieth-Riley that the Asserted Patents covered certain asphalt-paving construction projects.

36. Rieth-Riley's infringement of the 941 patent has been and continues to be willful and deliberate, or, at the least, Rieth-Riley has acted with willful blindness to its infringement of the 941 patent. Rieth-Riley has been aware of the 941 patent and its infringement since no later than February 2022, when ArrMaz notified Rieth-Riley that the Asserted Patents covered certain

asphalt-paving construction projects. Rieth-Riley has manufactured, offered to sell, sold, or used the products and methods covered under the 941 patent in spite of its knowledge of the 941 patent and its infringement.

37. Rieth-Riley has had knowledge of the 941 patent and its infringement at least as of the filing date of the present complaint.

38. Rieth-Riley's infringement of the 941 patent will continue unless enjoined by this Court.

39. As a direct and proximate consequence of Rieth-Riley's infringement of the 941 patent, ArrMaz has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which ArrMaz is entitled to relief.

40. Rieth-Riley's infringement of the 941 patent is willful and deliberate, entitling ArrMaz to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT 2: PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 8,465,843)

41. ArrMaz realleges and incorporates by reference the allegations set forth in all preceding paragraphs.

42. Rieth-Riley has infringed, and continues to infringe, the 843 patent by making, using, offering for sale, or selling products that are claimed in the 843 patent or that are insubstantially different from the claimed products. Specifically, Rieth-Riley has made, used, offered for sale, or sold products claimed in the 843 patent, or their substantial equivalents, in connection with asphalt-paving construction projects in the State of Indiana for the Indiana Department of Transportation, identified by at least, but not limited to, Contract Number R-

40582-A, letting date January 12, 2022; Contract Number R-42909-B, letting date January 12, 2022; and Contract Number R-42236-A, letting date February 9, 2022.

43. Rieth-Riley has infringed and continues to infringe one or more claims of the 843 patent, including but not limited to at least claim 1 of the 843 patent, in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, either itself or through a subcontractor under Rieth-Riley's direction or control, as evidenced by the exemplary claim chart found in Exhibit D as well as Rieth-Riley's website, e.g., https://www.rieth-riley.com/products/ (last visited August 14, 2023) and https://www.rieth-riley.com/brochure/ (last visited August 14, 2023).

  a. On information and belief, Rieth-Riley supplies or installs, either itself or through a subcontractor under Rieth-Riley's direction or control, a crack resistant coating disposed on a surface to provide resistance to high vertical and horizontal movements and high shear stresses.

  b. On information and belief, Rieth-Riley's supply or installation, provided either by itself or through a subcontractor under Rieth-Riley's direction or control, includes a first binding material layer disposed on the surface to provide a substantially impermeable moisture barrier to the surface.

  c. On information and belief, Rieth-Riley's supply or installation, provided either by itself or through a subcontractor under Rieth-Riley's direction or control, includes a first aggregate mixture layer disposed on the first binding material layer, where the first aggregate mixture layer comprises aggregate and asphalt and where the first aggregate mixture layer is disposed on the first binding material layer within fifteen seconds of the first binding material layer being disposed on the surface,

        the first aggregate mixture layer providing support and structure to the coating to resist rutting.

    d. On information and belief, Rieth-Riley's supply or installation, provided either by itself or through a subcontractor under Rieth-Riley's direction or control, includes a second binding material layer disposed on the first aggregate mixture layer, the second binding material layer further providing another substantially impermeable moisture barrier to the surface.

    e. On information and belief, Rieth-Riley's supply or installation, provided either by itself or through a subcontractor under Rieth-Riley's direction or control, includes a second aggregate mixture layer disposed on the second binding material layer, where the second aggregate mixture layer comprises aggregate and asphalt and where the second aggregate mixture layer is disposed on the second binding material layer within fifteen seconds of the second binding material layer being disposed on the first aggregate mixture layer, the second aggregate mixture layer providing a wear surface of the coating and additional structure and support to the crack resistant coating to resist rutting.

    f. On information and belief, the first binding material layer of Rieth-Riley's supply or installation, provided either by itself or through a subcontractor under Rieth-Riley's direction or control, comprises binding material and the second binding material layer comprises the same binding material as the first binding material layer or different binding material than the first binding material layer.

44.    Rieth-Riley further indirectly infringes one or more claims of the 843 patent under 35 U.S.C. 271(b) through inducing and continuing to induce infringement by, at least and for

example, subcontractors, customers, or users of roadways having or installing a crack resistant coating on a surface, such as roadways. Rieth-Riley actively induces the infringement of its United States subcontractors, customers, or users, by actively encouraging use of the crack resistant coating on existing surfaces, such as roadways, as evidenced by Exhibit D as well as Rieth-Riley's website, e.g., https://www.rieth-riley.com/products/ (last visited August 14, 2023) and https://www.rieth-riley.com/brochure/ (last visited August 14, 2023).  Rieth-Riley encourages subcontractors, customers, and users to use the crack resistant coating on existing surfaces in spite of Rieth-Riley knowing, or being willfully blind to the fact, that such use directly infringes at least one claim of the 843 patent.  Rieth-Riley has been aware of the 843 patent and its infringement since no later than February 2022, when ArrMaz notified Rieth-Riley that the Asserted Patents covered certain asphalt-paving construction projects.

45. Rieth-Riley further indirectly infringes one or more claims of the 843 patent under 35 U.S.C. 271(c).  Rieth-Riley contributes to the infringement of its United States subcontractors, customers, or users at least and for example, by selling for installation, or installing either itself or having installed by a subcontractor under its direction or control, a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, such as a crack resistant coating on a surface, such as a roadway.  Rieth-Riley provided, and continues to provide, a material part of an invention claimed in at least one claim of the 843 patent knowing the same to be especially made or especially adapted for use in an infringement of the 843 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Rieth-Riley has been aware of the 843 patent and its infringement since no later than February 2022, when ArrMaz notified Rieth-Riley that the Asserted Patents covered certain asphalt-paving construction projects.

46. Rieth-Riley's infringement of the 843 patent has been and continues to be willful and deliberate, or, at the least, Rieth-Riley has acted with willful blindness to its infringement of the 843 patent. Rieth-Riley has been aware of the 843 patent and its infringement since no later than February 2022, when ArrMaz notified Rieth-Riley that the Asserted Patents covered certain asphalt-paving construction projects. Rieth-Riley has manufactured, offered to sell, sold, or used the products covered under the 843 patent in spite of its knowledge of the 843 patent and its infringement.

47. Rieth-Riley has had knowledge of the 843 patent and its infringement at least as of the filing date of the present complaint.

48. Rieth-Riley's infringement of the 843 patent will continue unless enjoined by this Court.

49. As a direct and proximate consequence of Rieth-Riley's infringement of the 843 patent, ArrMaz has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which ArrMaz is entitled to relief.

50. Rieth-Riley's infringement of the 843 patent is willful and deliberate, entitling ArrMaz to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

Wherefore, ArrMaz requests entry of judgment in its favor and against Rieth-Riley as follows:

A. That Rieth-Riley has infringed one or more claims of each of the Asserted Patents, directly or indirectly;

B.  Entry of an injunction restraining and enjoining Rieth-Riley, and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Rieth-Riley who receive actual notice of the order by personal service or otherwise, from any further sales or use of the infringing products, processes, and/or services and any other infringement of each of the Asserted Patents, whether direct or indirect, pursuant to 35 U.S.C. § 283;

C.  An award of damages adequate to compensate ArrMaz for Rieth-Riley's infringement, including and not limited to damages pursuant to 35 U.S.C. § 284, such as an award of ArrMaz's lost profits on sales lost to Rieth-Riley and/or a reasonable royalty on Rieth-Riley's sales and other acts of infringement; prejudgment and post-judgment interest; and ongoing royalties in the absence of a permanent injunction;

D.  An award of costs and expenses in this action, including and not limited to an award of ArrMaz's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and costs to the full extent allowed by law;

E.  That Rieth-Riley has willfully infringed and is willfully infringing one or more claims of each of the Asserted Patents and that, therefore, the damages award to ArrMaz should be increased up to three times the amount assessed, pursuant to 35 U.S.C. § 284;

F.  That this is an exceptional case and award ArrMaz ArrMaz's costs of suit and attorneys' fees; and

G.  That ArrMaz be granted such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

**DEMAND FOR A JURY TRIAL**

ArrMaz respectfully demands a trial by jury on all claims and issues so triable.

Dated:  August 21, 2023

Respectfully submitted,

 /s/ Holiday W. Banta
Holiday W. Banta
IN Bar No. 17852-49
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN  46282
Phone:  317-236-5882
Facsimile:  317-236-2219
h.banta@icemiller.com

Daniel J. Goettle (*pro hac motion forthcoming*)
David N. Farsiou (*pro hac motion forthcoming*)
Stephanie M. Hatzikyriakou (*pro hac motion forthcoming*)
Robert P. Leeson (*pro hac motion forthcoming*)
**BAKER & HOSTETLER LLP**
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone:  215-568-3100
Facsimile:  215-568-3439
dgoettle@bakerlaw.com
dfarsiou@bakerlaw.com
shatzikyriakou@bakerlaw.com
rleeson@bakerlaw.com

*Counsel for Plaintiff ArrMaz Products Inc.*